**ORAL ARGUMENT HELD SEPTEMBER 12, 2025**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT**

| | |
|---|---|
| FOOD MARKETPLACE, INC., et al.,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency,<br><br>*Respondents*. | Case No. 23-1347 |

**JOINT MOTION TO HOLD CASES IN ABEYANCE**

Petitioners and Respondents in the above-captioned consolidated case jointly move this Court to continue holding these cases in abeyance to allow EPA to initiate a rulemaking process that may include some issues that are the subject of this litigation. In support of this motion, the Parties state as follows:

1.  Petitioners in these consolidated cases challenge a final rule promulgated by the U.S. Environmental Protection Agency ("EPA") entitled, "Phasedown of Hydrofluorocarbons: Restrictions on the Use of Certain Hydrofluorocarbons Under the American Innovation and Manufacturing Act of 2020," 88 Fed. Reg. 73,098 (Oct. 24, 2023) (the "Technology Transitions Rule").

2. The Parties submitted Final Briefs in this case on July 12, 2024 and held oral argument on September 12, 2024. Before issuing a decision, the Court placed this case in a 60-day abeyance on February 25, 2025. ECF 2102542.

1. The Parties request that the Court continue to hold this case in abeyance because EPA intends to pursue a new rulemaking process under the American Innovation and Manufacturing Act of 2020 that may resolve many of the outstanding issues in this litigation.

3. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)). Abeyance would also preserve resources of the parties and the Court. Good cause thus exists for the requested abeyance. *See*

*Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

For these reasons, the Parties jointly request that the Court hold this case in abeyance, with joint status reports due every 90 days.

Respectfully submitted April 25, 2025, by

|  |  |
|---|---|
|  | ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General |
|  |  |
|  | */s/ Daniel J. Martin* |
| OF COUNSEL: | DANIEL J. MARTIN |
|  | U.S. Department of Justice |
| KAYTRUE TING | Environmental Defense Section |
| U.S. Environmental | P.O. Box 7611 |
| Protection Agency | Washington, D.C. 20044 |
| Office of General Counsel | (202) 307-1056 |
| Washington, D.C. | Daniel.Martin3@usdoj.gov |
|  |  |
|  | *Counsel for Respondents* |
|  |  |
| Matthew W. Morrison | */s/ Elbert Lin* |
| Sidney L. Fowler | Elbert Lin |
| Shelby L. Dyl | Kevin S. Elliker |
| PILLSBURY WINTHROP | David N. Goldman |
| SHAW PITTMAN LLP | Hunton Andrews Kurth LLP |
| 1200 Seventeenth Street, NW | Riverfront Plaza, East Tower 951 |
| Washington, DC 20036 | East Byrd Street |
| (202) 663-8036 | Richmond, VA 23219 |
|  | (804) 788-8200 |
|  |  |
|  | *Counsel for Petitioners* |

4

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 501 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2016 in Times New Roman fourteen-point font.

<u>/s/     Daniel J. Martin</u>

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

<u>/s/     Daniel J. Martin</u>